### 1142.   McNEIL *v.* ELLIS.

The court did not err in overruling the special demurrer to the plaintiff's petition, nor in sustaining the special demurrer to so much of the defendant's answer as attempted to set up a recoupment; but since the general denials contained in the answer were sufficient to raise an issue in the case, the court did err in rendering judgment for the plaintiff without proof.

Complaint, from city court of Macon—Judge Hodges.   March 11, 1908.

Argued July 2,—Decided July 25, 1908.

*J. E. Hall,* for plaintiff in error.

*Hardeman, Jones & Johnston,* contra.

POWELL, J.   The plaintiff filed his petition alleging that he sued upon an open account, and that "a sworn itemized bill of particulars" was annexed to the petition.   Attached to the petition are a summary of the account, and a specific bill of particulars; but neither of these is verified.   Thinking that perhaps the affidavit of verification was omitted by the clerk in the transmission of the record, we passed an order directing him to send up the verification; but he replies that the petition as filed with him is not verified.   To the petition the defendant filed a special demurrer, on the ground that it was not sufficiently specific.   This demurrer was not well taken, and was therefore properly overruled by the court.   The defendant answered, admitting the first paragraph of the petition, denying the third paragraph, and stating further that "he denies paragraph 3 of said petition, which states that said defendant is indebted to petitioner in the principal sum of $129.51, besides interest."   He then filed a plea of recoupment, which was stricken by the court on demurrer.   After examining this plea of recoupment, we find that there was no

error in this ruling. This plea having been stricken, the court, without proof, entered judgment in favor of the plaintiff, for the full sum claimed; and complaint is made of this judgment. To an understanding of this last ruling, it will be necessary for us to recite somewhat more fully than we have already done the form and the nature of the petition. The first paragraph alleges the residence of the defendant. The second paragraph alleges the indebtedness of the defendant upon the account, the amount of the same, and the fact that a sworn itemized bill of particulars is attached. The third paragraph alleges that the account is past due. The answer, as stated above, admitted the first paragraph, denied the third paragraph; it also denied "the 3d paragraph of said petition, which states that said defendant is indebted to petitioner in the principal sum of $129.51, besides interest." It will be seen that in designating the paragraph of the petition which was thus being denied, the defendant used the figure "3" when he should have used the figure "2." This is perfectly plain; for in addition to describing this paragraph by number, he also designated it by stating its substance. If the account in fact had been verified, under the act of 1901 (Acts 1901, p. 55), this form of denial would have been insufficient; for by that act, whenever suit is brought on open account and the same is verified by the plaintiff, any plea filed by the defendant must either deny that any indebtedness exists, or else state the amount which he claims he is indebted; and this requirement, of course, makes a simple denial of the account in general terms insufficient. But the plaintiff's account was not sworn to; and therefore the defendant's answer was sufficient to make an issue. This being so, the court had no right to render judgment without proof. For this reason alone the judgment is

*Reversed.*